UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MICHAEL DEWAYNE ROBINSON,
    Plaintiff,

vs.                               Case No.:  3:22cv9120/MCR/ZCB

JEFF BERGOSH,
    Defendant.
                                  /

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se*, commenced this action by filing a civil rights complaint under 42 U.S.C. § 1983. (Doc. 1). On February 7, 2023, the Court entered an order directing Plaintiff to file an amended civil rights complaint within thirty days. (Doc. 10). The Court directed the Clerk of Court to send Plaintiff the complaint form. (*Id*. at 9). The Court also informed Plaintiff that his failure to comply with an order of the Court would result in a recommendation of dismissal of this case. (*Id.*).

Plaintiff did not file an amended complaint by the deadline. Therefore, on March 24, 2023, the Court issued an order giving Plaintiff thirty days to show cause why this case should not be dismissed for his failure to comply with a Court order. (Doc. 11). The Court notified Plaintiff that his failure to show cause would result in a recommendation of dismissal of this case. (*Id.*).

1

The Court sent the show cause order to Plaintiff at his record address, the Escambia County Jail. On April 12, 2023, the Jail returned the order to the Court labeled as "Return to Sender, Attempted - Not Known, Unable to Forward." (Doc. 12). The Clerk of Court found an address for Plaintiff through the jail's inmate locator and forwarded the returned mail with a Notice of Returned Mail to that address as a one-time courtesy. (Doc. 12-1). The Clerk reminded Plaintiff that he must maintain an up-to-date mailing address in this case and promptly notify the Court of any change by filing a Notice of Change of Address form. (*See id.*). The Clerk also notified Plaintiff that future returned mail would not be forwarded to his release address or any other address unless he filed a Notice of Change of Address. (*Id.*).

The deadline for compliance with the show cause order has passed, and Plaintiff has not responded to the show cause order or updated his address. Dismissal of the case without prejudice is an appropriate sanction for Plaintiff's non-compliance. *See* N.D. Fla. Loc. R. 41.1 (stating that the Court may "dismiss a claim, enter a default on a claim, [and] take other appropriate action" when a party fails to comply with a court order); *see also, e.g.*, *Gilbert v. Daniels*, 725 F. App'x 789, 792 (11th Cir. 2018) (affirming dismissal when the plaintiff's failure to receive and comply with a court order was a result of the plaintiff's failure to keep the court apprised of his current address); *McDowell v. Ham*, No. 5:09cv31/MCR/MD, 2010

WL 1417723, at *2 (N.D. Fla. Mar. 3, 2010), *report and recommendation adopted*, 2010 WL 1417720 (N.D. Fla. Apr. 7, 2010) (dismissing case because Plaintiff had been on notice of his duty to advise the court of any change in his mailing address and had failed to do so).

Accordingly, it is respectfully **RECOMMENDED** that this case be **DISMISSED without prejudice** for Plaintiff's failure to comply with an order of the Court and failure to keep the Court apprised of his current address.

At Pensacola, Florida, this 25th day of May 2023.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

3